FILED
2026 NOV 10 PM 12: 11
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

Nashville Division

Angel Vidrios

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names )*

-v-

Metropolitan Government of Nashville and Davidson County, Tennessee

*Defendant(s)*
*(Write the full name of each defendant who is being sued If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names Do not include addresses here )*

Case No. 3:26-cv-1806
*(to be filled in by the Clerk's Office)*

Jury Trial. *(check one)* ☒ Yes ☐ No
Plaintiff demands a trial by jury on all issues triable by jury

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date, the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*. the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Angel Vidrios |
| Address | 190 Oak Drive |
| | Portland (*City*) TN (*State*) 37148 (*Zip Code*) |
| County | Sumner |
| Telephone Number | 619-517-6424 |
| E-Mail Address | angelvidrios12@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Metropolitan Government of Nashville and Davidson County, Tennessee |
| Job or Title *(if known)* | |
| Address | |
| | Nashville (*City*) TN (*State*) (*Zip Code*) |
| County | Davidson |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |
| | (*City*) (*State*) (*Zip Code*) |
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☐ Official capacity

Defendant No. 3

Name ______

Job or Title *(if known)* ______

Address ______

______ *City* ______ *State* ______ *Zip Code*

County ______

Telephone Number ______

E-Mail Address *(if known)* ______

☐ Individual capacity ☐ Official capacity

Defendant No. 4

Name ______

Job or Title *(if known)* ______

Address ______

______ *City* ______ *State* ______ *Zip Code*

County ______

Telephone Number ______

E-Mail Address *(if known)* ______

☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U S 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*.

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws] " 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

First Amendment retaliation under 42 U S C § 1983.
Title VII and ADA employment claims are stated separately
in the attachment. Federal jurisdiction under 28 U S C § 1331

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

MNPD officials used their authority over commissioning, work assignments, and K-9 selection
See attached Statement of Claim

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Nashville and Davidson County, Tennessee, including Madison Middle School and within MNPD

B. What date and approximate time did the events giving rise to your claim(s) occur?

May 2025 through August 2026. See the dates in the attached Statement of Claim

C What are the facts underlying your claim(s)? *(For example What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attached numbered allegations and counts

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I was removed from regular duties and lost opportunities to train and compete for a K-9 assignment
I remained paid during my decommissioning The alleged conduct harmed my
career opportunities and caused mental and emotional distress.
See attached Statement of Claim

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I request compensatory damages for mental and emotional distress and harm
to my career opportunities caused by the alleged conduct, to the extent
available under applicable law. I seek no lost wages for the period I
remained paid. The amount is to be determined based on the evidence

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing. 11-10-26

Signature of Plaintiff [signature]

Printed Name of Plaintiff Angel Vidrios

### B. For Attorneys

Date of signing. ______

Signature of Attorney ______

Printed Name of Attorney ______

Bar Number ______

Name of Law Firm ______

Address ______

______ *City* ______ *State* ______ *Zip Code*

Telephone Number ______

E-mail Address ______

**Attachment to Complaint**

Angel Vidrios v. Metropolitan Government of Nashville and Davidson County, Tennessee

**Factual allegations**

1. I have worked as a sworn MNPD officer since May 2022. On or about April 22, 2025, I ranked sixth out of ten candidates on the K-9 eligibility list. Sgt. Steve Holland was mentoring me for a K-9 assignment. He told Lisa Vidrios and me that he had significant influence within K-9 and could help me get into the unit. He was the only K-9 supervisor on the full-time SWAT team and was friends with members of the K-9 unit, including its lieutenant.

2. On or about May 26, 2025, I showed the Office of Professional Accountability (OPA) a video of Sgt. Holland and Lisa Vidrios engaging in sexual intercourse in her office at Madison Middle School. People could be heard in the hallway outside. I reported conduct involving a police supervisor at a public school. Word spread quickly inside MNPD that week. I believe K-9 personnel and decision-makers knew I had made the report.

3. MNPD decommissioned me on or about July 23, 2025, after a temporary order of protection was issued. The order ended on or about August 1, 2025, without a permanent order. MNPD kept me decommissioned after the order ended. No one told me at the time why I remained decommissioned.

4. After I filed a second OPA complaint concerning Lt. Bowden, MNPD instructed me to limit contacts to my chain of command. When I needed to amend a report, Sgt. Joel Bennett told me he had been ordered to communicate with me only on official business. I called the CSB office twice each weekday. Staff checked me in without discussing my status. Lisa Vidrios and Chetan Babbar were also decommissioned and remained in regular contact with their supervisors.

5. My former attorney, John Brown, told me Deputy Chief Dwayne Greene said he wanted me gone in a conversation on or about September 19, 2025. I believe Greene knew about my OPA report and Holland's decommissioning. I am Hispanic. Deputy Chief Greene is Black.

6. Metro's EEOC position statement says OPA continued investigating an alleged policy violation after the temporary order ended. Metro says OPA closed the case as "Not Sustained" and that I returned to work on March 18, 2026. While decommissioned, I could not perform regular police duties, attend training, or compete for K-9 vacancies filled during that period.

7. The original K-9 list was extended multiple times. An officer who had been away from K-9 for about 18 months returned to a position I believe otherwise would have been filled from the list. Ben Ellsworth, who ranked second on the list, told me he thought I had taken myself off the list after the incident involving Holland.

8. I allege that I reached the next position on the prior list and was not selected before MNPD ended that process. MNPD posted a new K-9 vacancy on August 6, 2026, with applications due August 19. I do not know who approved ending the prior list or the reason given for ending it.

9. I allege that MNPD kept me off duty, restricted my communications, and denied me a fair opportunity for a K-9 assignment in retaliation for my report to OPA. I seek relief for the resulting harm to my employment opportunities.

10. I filed an EEOC charge alleging race and sex discrimination, retaliation, and disability discrimination. The EEOC issued a Determination and Notice of Rights for Charge No. 494-2026-03425. I received the notice on August 14, 2026.

11. I believe my race was a factor in the length of my decommissioning and the restrictions placed on me. My EEOC charge states that, to my knowledge, the

decision-makers were White or Black. As described above, Lisa Vidrios and Chetan Babbar maintained regular contact with their supervisors while decommissioned.

12. I believe MNPD treated me as mentally unfit for duty based on the stalking allegations. I allege that MNPD continued my decommissioning after the temporary order expired, barred me from regular duties and training, and required me to check in twice each weekday. The investigation ultimately closed as Not Sustained.

**Count I - First Amendment retaliation (42 U.S.C. § 1983)**

13. I incorporate paragraphs 1–9. I reported misconduct by a police supervisor at a public school. I allege that Metro, acting through MNPD officials exercising authority over commissioning, duty assignments, and K-9 selection, retaliated against me by keeping me decommissioned, restricting my communications, and denying me a fair opportunity for a K-9 assignment.

**Count II - Race discrimination (Title VII)**

14  I incorporate paragraphs 1–12. I allege that MNPD prolonged my decommissioning and restricted my supervisor contact because of my race. I rely on the circumstances described in paragraphs 3–6 and 11.

**Count III - Sex-based hostile work environment (Title VII)**

15. I incorporate paragraphs 1–6 and 10. As stated in my EEOC charge, I allege that the sexual conduct involving an MNPD supervisor and the workplace response described above subjected me to a hostile work environment based on sex.

**Count IV - Retaliation (Title VII)**

16. I incorporate paragraphs 1–10. I allege that I opposed what I believed was unlawful workplace sexual conduct by reporting it to OPA and that MNPD retaliated by continuing my decommissioning, restricting contact, and limiting my access to training and K-9 opportunities.

**Count V - Regarded-as disability discrimination (ADA)**

17. I incorporate paragraphs 1–12. I allege that MNPD regarded me as having a mental impairment and, on that basis, prolonged my decommissioning and kept me from regular duties, training, and K-9 opportunities.

**Relief requested**

18. I request compensatory damages for mental and emotional distress and harm to my career opportunities caused by the alleged conduct, to the extent available under applicable law. I seek no lost wages for the period I remained paid. The amount is to be determined based on the evidence.